**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

PATRICK SMITH,            )
                               )
          Plaintiff,         )
                               )
          v.                )   C.A. Nos. CPU4-13-003018
                               )                 CPU4-13-003099
GLENN SCHMALHOFER,     )             *Consolidated Trial*
                               )
          Defendant.      )
                               )

**Submitted: September 10, 2014**
**Decided: October 1, 2014**

**Gary L. Smith, Esquire**
1400 Peoples Plaza, Suite 110
Newark, DE 19702
*Attorney for Plaintiff*

**Michael P. Morton, Esquire**
1203 North Orange Street
Wilmington, DE 19801
*Attorney for Defendant*

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S MOTION FOR DIRECTED VERDICT
PURSUANT TO C.C.P. CIV. R. 50(a)(1)**

Trial in the above captioned matter took place on Tuesday, September 10, 2014. The instant matter is an appeal de novo brought pursuant to 10 *Del C.* § 9571 from the Justice of the Peace Court. This is a landlord-tenant action filed by Plaintiff Patrick Smith ("Mr. Smith"), who is seeking double damages of a security deposit pursuant to 25 *Del C.* § 5514(f) and (g). At the close of Plaintiff's case, Defendant Glenn Schmalhofer ("Mr. Schmalhofer") moved for dismissal under *Court of Common Pleas Civ. R. 41(b)*. After consulting with counsel at trial, the Court determined that it will decide the motion under *Court of Common Pleas Civ. R. 50(a)(1)* and its applicable standard. The Court reserved decision on the motion. This is the Court's Final Decision and Order.

## FACTUAL AND PROCEDURAL POSTURE

On September 4, 2013, the Justice of the Peace Court entered judgment in favor of Mr. Smith and against Mr. Schmalhofer in the amount of $682.73, plus costs and interest.[1] Mr. Smith and Mr. Schmalhofer filed separate cross appeals in this Court, but by the parties' stipulation, the Court consolidated the two cases into one appeal.[2] On October 1, 2013, Mr. Schmalhofer filed a Motion to Stay Execution, and posted a superseadas bond in the amount of $722.18, and on October 4, 2013, the Court granted Mr. Schmalhofer's motion.

On November 18, 201, Mr. Smith filed the Complaint on Appeal. In the Complaint, Mr. Smith alleged that the parties entered into a lease agreement ("Lease Agreement") whereby Mr. Smith and two other tenants rented a property located at 85 West Park Place, Newark, DE 19711 ("the Property") for a term beginning June 30, 2011 and ending May 30, 2012.[3] Mr. Smith averred that he and the other tenants vacated the Property on May 30, 2012, and that upon the request of Mr. Schmalhofer, left the keys as well as a forwarding address at the Property. Mr. Smith claimed that Mr. Schmalhofer failed to comply with 25 *Del. C.* § 5514 because he did not remit the security deposit within twenty days of the expiration or termination of the rental agreement, and that as a result, Mr. Schmalhofer is liable for double the amount of the security deposit. Finally, Mr. Smith averred that the rental agreement between the parties contains three provisions that are prohibited be the landlord-tenant code.

On December 6, 2013, Defendant filed an Answer, admitting to entering a rental agreement with Mr. Smith, but denying the other allegations in the Complaint. Specifically, Defendant claimed that he was unaware of the date on which Mr. Smith vacated the Property.

---

[1] On September 6, 2013, Mr. Schmalhofer filed a motion for reargument, which the Justice of the Peace Court denied on September 18, 2013.

[2] The Clerk of the Court opened two separate files when each party cross-appealed; however, the Complaint for both appeals was identical.

[3] Mr. Smith is the only tenant who appealed to this Court.

2

He further maintained that Mr. Smith failed to return the keys to the Property and failed to provide a forwarding address. Additionally, Defendant averred that on June 20, 2012, he mailed the check and itemized list of deductions from the security deposit to Mr. Smith.

At trial on September 10, 2014, Mr. Smith was duly sworn and testified during his case-in-chief. Mr. Smith testified that prior to the termination of the lease, he received emails from Mr. Schmalhofer, which instructed the tenants to leave the keys to the Property on the kitchen table when vacating the Property.[4] Mr. Smith also testified that while he was moving out on May 30, 2012, he contacted Mr. Schmalhofer, who came to the Property and inspected it, stating that, "the place looked good." Mr. Smith testified that at that time, when Mr. Smith attempted to provide Mr. Schmalhofer with a forwarding address, Mr. Schmalhofer indicated that he would be "running around a lot" that day, and instead, asked Mr. Smith to give him the address later.

Mr. Smith also testified that on June 21, 2012, he received a check for $1,875.27 as well as an itemized list of deductions that Mr. Schmalhofer withheld from the security deposit due to a number of damages to the Property. Mr. Smith stated that with the exception of the deduction for the water bill, the other deductions Mr. Schmalhofer accounted for are inappropriate, as neither he nor the other tenants caused the damages contained within the list. Finally, Mr. Smith

---

[4] After trial, the Court received the following relevant items into evidence: *Plaintiff's Exhibit 1* – the Lease Agreement, as signed and initialed by Mr. Smith and Mr. Schmalhofer. *Plaintiff's Exhibit 2* – a copy of the security deposit deductions for the Property as well as the accompanying security deposit check for $1,865.27 and its corresponding envelope, post-marked June 21, 2012. *Plaintiff's Exhibit 3* – Mr. Smith's letter to Mr. Schmalhofer dated June 26, 2012, disputing the security deposit amount and stating that Mr. Schmalhofer failed to timely provide the itemized list of damages and deduction as required by 25 *Del. C.* § 5514(f). *Plaintiff's Exhibit 5, 7, 8* – Mr. Schmalhofer's standard, boilerplate emails to Mr. Smith, dated March 31, 2012, May 20, 2012, and May 24, 2012, respectively, reminding Mr. Smith, *inter alia*, that his Lease Agreement terminated on May 30, 2012; that the Property should be in the same, or substantially the same condition in which he found it; that keys to the Property were to be left on the kitchen countertop, and; that Mr. Smith must provide Mr. Schmalhofer with a forwarding address in writing, sent by regular mail or e-mail. *Plaintiff's Exhibit 6* – an email from Mr. Smith to Mr. Schmalhofer, dated May 20, 2012, requesting that he be permitted to move out by May 31, 2012 instead of May 30, 2012. *Defendant's Exhibit C* – a copy of both sides of the security deposit check issued to Mr. Smith.

testified that he sent Mr. Schmalhofer a letter on June 26, 2012, disputing the security deposit, indicating that it was not refunded within the time required, and demanding the full amount of the security deposit be refunded. Mr. Schmalhofer never responded to Mr. Smith's letter.

On cross-examination, Mr. Smith testified that the Delaware Landlord-Tenant Code applies to the Lease Agreement. Moreover, Mr. Smith also testified that the Lease Agreement provides P.O. Box 5604, Newark, DE 19714-5604 as the appropriate address for which legal service should be made upon Mr. Schmalhofer, but that he never sent any correspondence to that specified address.[5] Finally, Mr. Smith testified that he endorsed and cashed the security deposit check from Mr. Schmalhofer, but maintained that he cashed the check only after he disputed it.[6]

Mr. Schmalhofer was then duly sworn and testified during Plaintiff's case-in-chief. First, Mr. Schmalhofer testified about the Lease Agreement. Mr. Schmalhofer indicated that he was the sole owner and manager of the Property.[7] Mr. Schmalhofer also testified that while the P.O. Box in Newark listed is the appropriate address for which legal service can be made, it is not the physical address of his office; Mr. Schmalhofer maintained however, that the P.O. Box in Newark is the only address to be used for mailing purposes.

Mr. Schmalhofer then testified about the emails sent to Mr. Smith prior to his moving out of the Property, stating that the emails were "standard boilerplate notices" sent as a reminder to tenants that their lease was soon expiring. Mr. Schmalhofer also testified to the forwarding address requirement and indicated that as long as it was in writing, he would accept a forwarding

---

[5] See Plaintiff's Exhibit 1 at p. 10, ¶ "Identity of Manager."
[6] See Defendant's Exhibit C; Plaintiff's Exhibit 2.
[7] Although the Lease Agreement lists Salvatore Mannio under the Provision entitled "Identity of Manager," Mr. Schmalhofer testified that Mr. Mannio is his plumber, and that he lists his contact information in case of emergencies.

address in any way, including an email or text message. Mr. Schmalhofer testified that he did not receive a forwarding address.

Mr. Schmalhofer also testified about the condition of the house at the end of Mr. Smith's rental period. Mr. Schmalhofer testified that while there were some items left in the house when Mr. Smith took possession of the Property, he did not believe that such items included a pool table or ping-pong table that were found in the basement upon Mr. Smith's moving out. Mr. Schmalhofer also testified that he remembered inspecting the house with Mr. Smith while Mr. Smith was moving. He then testified that from May 30, 2012, until June 3, 2012, he saw debris on the Property.

At the close of Plaintiff's case-in-chief, the defense moved for a dismissal on the grounds that Mr. Smith had failed to meet his burden in proving his case. Before counsel proceeded with the Motion, the Court consulted with both parties' counsel, and per the parties' stipulation, determined that it will decide the motion under *Court of Common Pleas Civ. R. 50(a)(1)* and its applicable standard.

On Mr. Schmalhofer's Motion for Directed Verdict, defense argued: (1) there was no evidence indicating that Mr. Smith paid the security deposit; (2) there was no evidence that Mr. Smith had authority from the other tenants involved in the case below to appeal the case in this Court; (3) there was no evidence indicating that Mr. Smith had the right to cash the security deposit check; (4) there was no evidence of Mr. Smith's actual forwarding address; (5) there was no evidence of any specific statutory provisions of the Delaware Landlord-Tenant Code that Mr. Schmalhofer violated; (6) the amount of money owed to Mr. Smith had not been established; (7) that Delaware's Landlord-Tenant Code adheres to specific methodology which Mr. Smith has not referenced; (8) that 25 *Del. C.* § 5113 explicitly requires that the notice of forwarding address

5

must be in writing and properly served, and; (9) that 25 *Del. C.* § 5514(h) provides that a failure to supply the landlord with a forwarding address relieves the landlord of liability for double the amount of the security deposit.

In responding to the motion, Mr. Smith's counsel contended that Plaintiff has met his burden, arguing that the security deposit amount is located within the documents stipulated into evidence. While Mr. Smith's counsel conceded the deduction of $276.32 for the water bill, he argued that the other deductions should be refunded, as the damages were not caused by Mr. Smith. Mr. Smith's counsel also argued that pursuant to § 5113, the Lease Agreement does not list the usual business address as required, which "severely restricted" the way in which Mr. Smith was able to serve the forwarding address to Mr. Schmalhofer. Additionally, counsel argued that under § 5113(b), Mr. Smith was permitted to supply Mr. Schmalhofer with his forwarding address by either personally serving him or otherwise as provided by Ms. Schalhofer, and that in this instance, Mr. Schmalhofer told Mr. Smith to leave both the keys and the forwarding address on the counter.

## LEGAL STANDARD

*Court of Common Pleas Civil Rule 50(a)* provides that:

> A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made. A motion for a directed verdict shall state the specific grounds therefore.

When considering a Motion for a Directed Verdict, the Court must consider all evidence in the light most favorable to the non-moving party.[8] To find in favor of the moving defendant,

---

[8] *Wilson v. Klabe Const. Co.*, 2003 WL 22931390 at * 2 (Del. Com. Pl. July 22, 2003); *Moody v. Nationwide Mutual Ins. Co.*, 549 A.2d 291, 293 (Del.1988).

the Court must be convinced that there is no substantial evidence to support a verdict for the nonmoving plaintiff.[9]

## DISCUSSION

**A. Under 25 *Del. C.* § 5514 *et seq.*, Mr. Smith failed to meet his burden in proving that he is entitled to damages in the amount of double the security deposit.**

The Delaware Landlord-Tenant Code governs the instant dispute between the parties. Specifically, pursuant to 25 *Del. C.* § 5514 *et seq.*, a landlord must provide tenants with an itemized list of damages within twenty days after the termination or expiration of the lease. If a landlord fails to meet this requirement, then § 5514(g) allows the tenant to recover double the amount of the security deposit.[10] However, under § 5514(h), if the tenant fails to provide the landlord with a forwarding address at the time of or prior to the termination of the lease, the landlord will be "absolved of the liability for double damages."[11] When a tenant fails to provide the landlord with a forwarding address, the landlord is relieved from such liability because it is "incumbent on the tenant to notify the landlord prior to the lease's termination. The tenant is the one moving and in order for the landlord to be able to comply with its duties, [the landlord] must know where the tenant can be found after leaving the rental unit."[12]

Based on the evidence produced at trial, the Court finds that Mr. Smith has proven by a preponderance of the evidence that Mr. Schmalhofer failed to remit an itemized list of damages within twenty days of the termination of the Lease Agreement, as required by 25 *Del. C.* § 5514(f). Pursuant to the Lease Agreement, Mr. Smith's rental period terminated on May 30,

---

[9]*McCarthy v. Mayor of Wilmington*, 100 A2d 739, 740 (Del. Super. 1953).
[10] CITE
[11] *Broadwater v. Salaam*, 2013 L 164082 at * 2 (Del. Com. Pl. Jan. 15, 2013).
[12] *Burrage v. Bennett*, 2013 WL 85207 at * 2 (Del. Com. Pl. Jan. 8, 2013) (citing *Courts of Llangollen, Inc.*, 1999 WL 1240847, at *6 (Del. Super. Oct. 26, 1999)

2012, thereby establishing June 19, 2012 as the statutory time limit in which Mr. Schmalhofer could remit the itemized list of damages to Mr. Smith. The record reflects that the list of itemized damages, which was also sent with Mr. Smith's security deposit check, was post-marked June 21, 2012. Thus, Mr. Schmalhofer did not meet the requirements of § 5514(f).

Mr. Schmalhofer argues that Mr. Smith did not provide him with a forwarding address, as required by the Lease Agreement and 25 *Del. C.* § 5514(h). In his response to the motion for directed verdict, Mr. Smith's counsel argued that Mr. Smith provided Mr. Schmalhofer with his forwarding address by leaving it on the kitchen counter, as requested by Mr. Schmalhofer. This, however, is refuted by Mr. Smith's own testimony. On direct examination, Mr. Smith testified that he *attempted* to provide Mr. Schmalhofer with a forwarding address, but that Mr. Schmalhofer indicated that he would be "running around a lot" that day, and instead, asked Mr. Smith to provide him the address later. Mr. Schmalhofer also testified that he did not receive a forwarding address from Mr. Smith at or prior to the termination of the Lease Agreement. Moreover, the emails sent to Mr. Smith by Mr. Schmalhofer, as well as the Lease Agreement itself, both instruct tenants to provide their forwarding address in writing by regular mail or email. This Court finds, by a preponderance of the evidence that Mr. Smith did not provide Mr. Schmalhofer with a forwarding address at the time the lease expired, as required under 25 *Del. C.* § 5114(h).

## B. Under 25 *Del. C.* § 5301, Mr. Smith failed to meet his burden in proving that the Lease Agreement contains provisions that violate the Landlord-Tenant Code.

Although Mr. Smith alleges in the Complaint that Mr. Schmalhofer violated Delaware's Landlord-Tenant Code by including illegal provisions in the Lease Agreement, Mr. Smith failed to present any evidence at trial to support that claim. In fact, the record is void of any reference to specific provisions of the Landlord-Tenant Code on behalf of Mr. Smith, with the exception of

8

Mr. Smith's counsel's argument to the present motion. Therefore, Mr. Smith has failed to meet his burden in proving that the Lease Agreement contains provisions in violation of the Landlord-Tenant Code. The Court also finds by a preponderance of the evidence in considering Defendant's Motion for Directed Verdict that all eight (8) grounds in his Motion are meritorious.

## OPINION AND ORDER

The Court therefore enters a partial directed verdict in accordance with *Court of Common Please Civil Rule 50* in favor of Mr. Schmalhofer for Mr. Smith's failure to meet his burden of proof in establishing that he is entitled to damages in the amount of double the security deposit pursuant to 25 *Del. C.* § 5514 *et seq.*, and in establishing that the Lease Agreement contains provisions that violate the Landlord-Tenant Code.

The Court notes that Mr. Schmalhofer filed a supersedeas bond in this Court to stay the execution of the judgment below. That Stay is now lifted and the $727.18 in damages shall be re-set for trial at the earliest convenience of the Court and counsel. The Court Denies the Directed Verdict on this sum certain.

**IT IS SO ORDERED** this 1st day of October, 2014.

_____
John K. Welch,
Judge

/jb

cc:    Ms. Tamu White, Civil Supervisor, CCP

9